IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.   Criminal Case No. 3:23cr121

**WALTER LAVELLE ALLEN,**

**Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Walter Lavelle Allen's Motion to Dismiss the Indictment (the "Motion"). (ECF No. 18.) In the Motion, Mr. Allen contends that his indictment under 18 U.S.C. § 922(g)(1)[1] is unconstitutional both facially and as applied to him because it "violates [his] Second Amendment right to keep and bear arms." (ECF No. 18, at 1, 6–17.)

Mr. Allen asks the Court to dismiss the indictment against him for possession of a gun as a felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 18, at 2.) For the reasons that follow, the Court will deny the Motion. (ECF No. 18.)

---

[1] Section 922(g)(1) provides:

(g) It shall be unlawful for any person—

> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
> \* \* \*

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, a firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

## I. Factual and Procedural Background

### A. Factual Background

"On August 3, 2023, Richmond City police officers observed Mr. Allen asleep in a car . . . outside of a store." (ECF No. 18, at 2; ECF No. 19, at 1.) The car's engine was running. (ECF No. 18, at 2.) "The officers walked up to speak with Mr. Allen and allegedly noticed that there was a firearm under [his] left thigh." (ECF No. 18, at 2; ECF No. 19, at 1.) "Hours before this encounter, the officers had seen social media posts [of] Mr. Allen and a firearm" and they "knew that Mr. Allen was a convicted felon." (ECF No. 18, at 2.) "The officers then opened the door[ and] seized the gun[.]" (ECF No. 18, at 2.) "Prior to this incident, [Mr. Allen] had been convicted of a crime punishable by imprisonment for a term exceeding one year and could not lawfully possess the firearm." (ECF No. 19, at 1–2.)

Mr. Allen "woke up and was taken into investigative detention", wherein he "denied that he knew the weapon was there[,] as he had been asleep." (ECF No. 18, at 2.) "Mr. Allen was arrested[,] made bond[,] and was placed on house arrest while the related state charges were pending." (ECF No. 18, at 2.)

### B. Procedural Background

On September 20, 2023, a federal grand jury indicted Mr. Allen for knowingly possessing a gun as a felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 18, at 2–3; ECF No. 1.) "On October 23, 2023, Mr. Allen made his initial appearance, has [] pled not guilty[,] and awaits trial in this matter." (ECF No. 18, at 3.) On November 22, 2023, Mr. Allen moved to dismiss the indictment, arguing that "his prosecution under the indictment violates [his] Second Amendment right to keep and bear arms." (ECF No. 18, at 1; ECF No. 1.)

## II. Standard of Review

A. **Motion to Dismiss Indictment Under Fed. R. Crim. P. 12**

Federal Rule of Criminal Procedure 12[2] allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Mr. Allen raises facial and as-applied challenges to the constitutionality of § 922(g)(1), arguing that it violates the Second Amendment. (ECF No. 18, at 1, 6.) "Fed. R. Crim. P. 12(b)(3)(B)[3] permits a court to dismiss a defective indictment. An indictment is defective if it alleges a violation of an unconstitutional statute." *United States v. Brown*, 715 F.

---

[2] Rule 12(b)(1) states:

(b) PRETRIAL MOTIONS.

> (1) *In General.* A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. Rule 47 applies to a pretrial motion.

Fed. R. Crim. P. 12(b)(1).

[3] Rule 12(b)(3)(B) states:

(b) PRETRIAL MOTIONS.
    \*   \*   \*

> (3) *Motions That Must Be Made Before Trial.* The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:
>     \*   \*   \*
>> (B) a defect in the indictment or information, including;
>>> (i) joining two or more offenses in the same count (duplicity);
>>>
>>> (ii) charging the same offense in more than one count (multiplicity);
>>>
>>> (iii) lack of specificity;

Supp. 2d 688, 689 (E.D. Va. 2010) (citing *In re Civil Rights Cases*, 109 U.S. 3, 8–9 (1883)); *see also United States v. Riley*, 635 F. Supp. 3d 411, 416 (E.D. Va. 2022); *United States v. Lane*, No. 3:23-CR-62 (RCY), 2023 WL 5663084, at *7 (E.D. Va. Aug. 31, 2023); *United States v. Kearney*, No. 4:23-CR-29 (JKW), 2023 WL 3940106, at *1 (E.D. Va. June 9, 2023) (citing *Riley*, 635 F. Supp. 3d at 416).

### B. Facial and As-Applied Challenges

"To succeed in a facial constitutional challenge, a movant 'must establish that no set of circumstances exists under which the [law] would be valid.'" *United States v. Hosford*, 843 F.3d 161, 165 (4th Cir. 2016) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *see Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (stating that a facial challenge can only succeed when a party shows "that the law is unconstitutional in all of its applications"). "Because of this stringent standard, a facial challenge is perhaps 'the most difficult challenge to mount successfully.'" *Hosford*, 843 F.3d at 165 (quoting *Salerno*, 481 U.S. at 745).

By contrast, "[a]n as-applied challenge requires only that the law is unconstitutional as applied to the challenger's case[.]" *United States v. Mgmt. Consulting, Inc.*, 636 F. Supp. 3d 610, 619 (E.D. Va. 2022). An as-applied challenge must be "based on a developed factual record and the application of a statute to a specific person." *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc).

---

>           (iv) improper joinder; and
>
>           (v) failure to state an offense[.]

Fed. R. Crim. P. 12(b)(3)(B).

4

### III. Analysis

In his Motion to Withdraw Guilty Plea, Mr. Allen presents both facial and as-applied challenges to the constitutionality of § 922(g)(1), contending that his prosecution under this statute violates the Second Amendment as interpreted by the Supreme Court in *New York State Rifle & Pistol Association, Inc., et al. v. Bruen*, 142 S. Ct. 2111 (2022). (ECF No. 18, at 1, 6.)

First, Mr. Allen argues that "[t]he Second Amendment's plain text protects the right of 'the people,' not only 'law-abiding, responsible' people, to bear arms." (ECF No. 18, at 6.) Second, Mr. Allen states that because "there was no 'historical tradition,' circa 1791, of gun regulations 'distinctly similar' to § 922(g)(1)[,]" and because "felons were affirmatively required to possess firearms as members of the militia[,] . . . the government cannot meet its heavy burden at *Bruen* Step Two of showing that § 922(g)(1) is 'consistent with the Nation's historical tradition of firearm regulation.'" (ECF No. 18, at 11, 14–16 (citing *Bruen*, 142 S. Ct. at 2131) (citations and internal quotation marks omitted).)

The United States, in contrast, argues that "[u]nder Supreme Court and Fourth Circuit law, § 922(g)(1) is presumptively lawful" but that even "if the Court chooses to undertake a full *Bruen* analysis, [Allen's] argument fails at both steps because (1) the Second Amendment does not cover the possession of firearms by felons and (2) restricting Second Amendment rights to 'law-abiding' citizens is consistent with the Nation's historical traditions." (ECF No. 19, at 29.)

The Court has already carefully considered and denied each of the *Bruen*-based arguments set forth in Mr. Allen's Motion.[4] *See United States v. Hill*, No. 3:23-CR-114 (MHL),

---

[4] In support of his Motion to Withdraw Guilty Plea, Mr. Allen cites to and attaches Congress's first Militia Act, Act of May 8, 1792, § 1, 1 Stat. 271 (the "First Militia Act"). (ECF Nos. 18, at 15–16; 18-1.) The defendant in *United States v. Hill* also cited to and attached the First Militia Act to his briefing. *See United States v. Hill*, 3:23-CR-114 (MHL) (E.D. Va. Oct. 4,

5

2023 WL 8238164, at *7 (E.D. Va. Nov. 28, 2023) (holding that "[u]nder an analytical framework permissible even after *Bruen*", existing Fourth Circuit caselaw upholding the constitutionality of § 922(g)(1) both facially and as-applied to both violent and non-violent felons remains binding) (citing *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012) and *United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012)).[5] Other courts in this district have persuasively done the same. *See, e.g., United States v. Lane*, No. 3:23-CR-62 (RCY), 2023 WL 5663084, at *6 (E.D. Va. Aug. 31, 2023); *United States v. Riley*, 635 F. Supp. 3d 411, 424 (E.D. Va. 2022); *United States v. Finney*, No. 2:23-CR-13 (JKW), 2023 WL 2696203, at *3 (E.D. Va. Mar. 29, 2023). This Court sees no reason to deviate from this prior analysis and instead adopts in full the reasoning previously set forth in its decision in *United States v. Hill*. *See* 2023 WL 8238164.

---

2023) (ECF Nos. 15, at 15–16; 15-1). In addition, the defendant in *Hill* also attached and cited to eight state militia statutes passed shortly before or after the Second Amendment's ratification. *See id.* (ECF No. 15, at 16; ECF No. 15-2.) The marginally different record here relative to that in *Hill* does not affect the Court's analysis.

[5] In *Hill*, this Court suggested in the alternative that if it "were required to opine on the constitutionality of § 922(g)(1) under *Bruen*, [it] would find, on [that] limited record, that felons are not covered by the plain text of the Second Amendment because they are not, and never were, 'among "the people" whose conduct the amendment protects.'" *Hill*, 2023 WL 8238164, at *9 (quoting *United States v. Lane*, No. 3:23-CR-62 (RCY), 2023 WL 5663084, at *8 (E.D. Va. Aug. 31, 2023)). Furthermore, this Court stated in *Hill* that *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023), a case upon which Greene heavily relies, is neither binding nor persuasive. *Id.* at *17 n.38.

## IV. Conclusion

For the foregoing reasons, the Court will deny Mr. Allen's Motion to Dismiss the Indictment. (ECF No. 18.)

An appropriate Order shall issue.

Date: 12/22/2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge